# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| CARLTON PLAZA CONDOMINIUM ASSOCIATION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) No. 15-CV-00227-W-FJG<br>) |
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, ET AL., | )<br>)<br>) |
| Defendants. | )<br>)<br>) |

## ORDER

Currently pending before the Court is Philadelphia Indemnity Insurance Company ("Philadelphia's") Motion to Dismiss (Doc. # 3); Cunningham Lindsay ("Cunningham") and Randolph Haman's Motion for Judgment on the Pleadings (Doc. # 8); Plaintiff's Motion to Remand (Doc. # 12); Philadelphia's Motion to Dismiss Counts III and IV of Plaintiff's Amended Complaint (Doc. # 18); Cunningham and Haman's Motion to Dismiss (Doc. # 23); Thorton Tomasetti ("Thorton") and David Young's Motion to Dismiss (Doc. # 43).

## I. BACKGROUND

Plaintiff is a Missouri non-profit corporation that owns a condominium building located at 4740 Roanoke Parkway, Kansas City, Missouri. Defendant Philadelphia issued a policy of commercial property casualty insurance to plaintiff covering the building. The building is located near the former location of "JJ's Restaurant." On February 19, 2013 a large explosion occurred at JJ's Restaurant. The explosion caused damage to nearby buildings and structures, including the condominium building owned by

plaintiff. The insurance policy was in effect at the time of the explosion. Philadelphia has denied coverage under the policy for certain claims made by plaintiff, including those related to "cracking and lateral displacement of the brick façade" and/or damage to the exterior cladding of the building. Defendant Cunningham is a Texas corporation. Cunningham was an agent for Philadelphia and was hired to adjust the insurance claim. Randolph Haman, is a Missouri resident who is employed by Cunningham. Thorton is an engineering firm whose principal place of business is in Missouri. David Young is a Colorado resident and is employed by Thorton.

Plaintiff filed an action in the Circuit Court of Jackson County, Missouri, on February 17, 2015 against Philadelphia, Cunningham and Randolph Haman asserting claims for breach of contract and vexatious refusal to pay against Philadelphia and a claim for civil conspiracy against all three defendants. On March 30, 2015, Philadelphia removed the case to federal court arguing that Cunningham and Haman were fraudulently joined because there was no cause of action for conspiracy in the absence of an underlying tort.

## I. STANDARD

In Bank of America v. Pennington-Thurman, No. 4:15-CV-381 RLW, 2015 WL 5518728 (E.D.Mo. Sept. 17, 2015), the Court noted:

> [r]emoval statutes are strictly construed, and any doubts about the correctness of removal are resolved in favor of state court jurisdiction and remand. . . . A civil action brought in state court may be removed to the proper district court if the district court has original jurisdiction of the action. 28 U.S.C.§ 1441(a). Federal district courts have original jurisdiction in all civil actions between citizens of different states if the amount in controversy exceeds $75,000.00, exclusive of interest and costs. . . . The party seeking removal has the burden to establish federal subject-matter jurisdiction, including the requisite amount in controversy.

Id. at *1 (internal citations omitted).

In Filla v. Norfolk Southern Railway Company, 336 F.3d 806 (8th Cir. 2003), the Court articulated the standard for determining whether a party has been fraudulently joined:

> Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. [I]t is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained. . . .However, if there is a "colorable" cause of action - that is, if the state law *might* impose liability on the resident defendant under the facts alleged - then there is no fraudulent joinder. . . . As we recently stated in Wiles [v. Capitol Indemnity Corp., 280 F.3d 868, 871 (8th Cir. 2002)], joinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants. . . . Conversely, if there is a reasonable basis in fact and law supporting the claim, the joinder is not fraudulent.

Id. at 810 (internal citations and quotations omitted).

To survive a motion to dismiss under 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A pleading that merely pleads "labels and conclusions" or a "formulaic recitation" of the elements of a cause of action, or "naked assertions" devoid of "further factual enhancement" will not suffice. Id. (quoting Twombly). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Under Fed. R. Civ. P. 12(b)(6) we must accept the plaintiff's factual allegations as true and grant all reasonable inferences in the plaintiff's favor. Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005).

## III. DISCUSSION

### A. Defendants' Motions to Dismiss/ Motion for Judgment on the Pleadings

Philadelphia moves to dismiss the civil conspiracy claims asserted in Count III of plaintiff's initial complaint, because under Missouri law "[c]onspiracy, in and of itself, is not actionable in the absence of an underlying wrongful act or tort." Xavier v. Bumbarner & Hubble Anesthesiologists, 923 S.W.2d 428,432 (Mo.App.1996). In response to the motion to dismiss, plaintiff states that it incorporates by reference, its Amended Complaint, which addresses the arguments raised in the motion to dismiss. In the Amended Complaint, plaintiff added a claim for intentional interference with business expectancy against all defendants and also added defendants Thorton and David Young. Plaintiff's filing of the Amended Complaint rendered moot Philadelphia's original motion to dismiss. Thus, the Court will address below defendants' Motions to Dismiss Counts III and IV of plaintiff's First Amended Complaint.

#### 1. Tortious Interference with Business Expectancy

> A claim for tortious interference with a contract or business expectancy requires proof of each of the following: (1) a contract or a valid business expectancy; (2) defendant's knowledge of the contract or relationship; (3) intentional interference by the defendant inducing or causing a breach of the contract or relationship; (4) absence of justification; and (5) damages resulting from defendant's conduct.

Community Title Co. v Roosevelt Fed.Sav. & Loan Ass'n, 796 S.W.2d 369, 372 (Mo.banc 1990). In Zipper v. Health Midwest , 978 S.W.2d 398,419 (Mo.App.1998), the Court stated that "[a]n action for tortious interference with business expectancy will lie against a third party only. . . .Where the individual being sued is an officer or agent of the defendant corporation, the officer or agent acting for the corporation is the corporation for purposes of tortious interference." Id. at 419 (internal citations omitted). Philadelphia argues that

4

plaintiff has alleged that its agents, Cunningham, Haman,Thorton and Young are all alleged to have been working with Philadelphia in adjusting plaintiff's claim. Philadelphia states that these agents were acting within the course and scope of their agency at the time of their work, thus they in essence were the corporation. Because a corporation cannot tortiously interfere with its own contract, Philadelphia argues that plaintiff has failed to state a claim for tortious interference with business expectancy.

In opposition, plaintiff argues that Thorton and Young were not acting as agents of Philadelphia. Plaintiff states it is alleging that Philadelphia hired Thorton and Young to create a phony engineering report in order to deny Plaintiff the benefit of its contract for insurance. Plaintiff argues that this does not demonstrate agency, but rather demonstrates that Philadelphia conspired with Thorton and Young.

The Court however disagrees. Plaintiff in the First Amended Complaint clearly states, "Defendant Cunningham Lindsey at all times material herein was the agent for Philadelphia." (Amended Complaint, ¶ 4). "Defendant Haman at all times material herein was an agent and/or employee of Defendant Cunningham Lindsey and an agent of Defendant Philadelphia." (Amended Complaint, ¶ 6). "At all times material hereto, Defendants acted by and through their respective agents and employees, who at all times were acting within the scope and course of their agency and/or employment for the respective defendants." (Amended Complaint, ¶ 9). In Nickel v. Stephens College, No. WD 77898, 2015 WL 5432252 (Mo.App. Sept. 15, 2015), the Court stated,

> [a]n action for tortious interference with a business expectancy will lie only against a third party to the contract. . . . Where the individual being sued is an officer *or agent* of the defendant corporation, the officer or agent acting for the corporation is the corporation for purposes of tortious interference. . . .see also Fields v. R.S.C.D,B., Inc., 865 S.W.2d 877, 879 (Mo.App.1993)(Plaintiff's claim of tortious interference is without merit because "[t]he individual defendants were alleged to have acted as officers

5

and agents of the corporate defendants. Corporations can only act through
their agents. An officer or agent acting for the corporation is the corporation
for purposes of the tort alleged here.").

Id. at * 7 (emphasis added). Philadelphia correctly notes that the allegations of the Amended Complaint "clearly attribute the Defendants' collective actions to Philadelphia, as principal." Because plaintiff has failed to allege that there was a third party to the contract, the Court finds that plaintiff has failed to state a claim for intentional interference with business expectancy.

**2. Civil Conspiracy**

In Amesquita v. Gilster-Mary Lee Corp., 408 S.W.3d 293 (Mo.App. 2013), the Court noted:

> Civil conspiracy is not its own cause of action. . . . Civil conspiracy is a way to hold joint tortfeasors jointly and severally liable for some collectively-pursed wrongful goal. . . .To demonstrate civil conspiracy, a plaintiff must show: "(1) two or more persons; (2) with an unlawful objective; (3) after a meeting of the minds; (4) committed at least one act in furtherance of the conspiracy; and (5) [plaintiff] was thereby damaged." Western Blue[print Co., LLC v. Roberts], 367 S.W.3d 7,22 (Mo. Banc 2012). . . ."In Missouri, if tortious acts alleged as elements of a civil conspiracy claim fail to state a cause of action, then the conspiracy claim fails as well." Id.

Id. at 304. In the instant case, because plaintiff has failed to state a claim for intentional interference with business expectancy, the Court finds that plaintiff has also failed to state a claim for civil conspiracy as well.

According, the Court hereby **DENIES AS** MOOT Philadelphia's Motion to Dismiss Plaintiff's Complaint (Doc. # 3); **GRANTS** Philadelphia, Cunningham and Thorton's Motions to Dismiss Counts III and IV of plaintiff's Amended Complaint (Doc. # 18, 23 43), **GRANTS** Cunningham's Motion for Judgment on the Pleadings (Doc. # 8)

6

### B. Planitiff's Motion to Remand

Plaintiff moved to remand their case to state court arguing that the defendants failed to follow the rule of unanimity and that the Court lacked subject matter jurisdiction because of the presence of Missouri defendants Haman and Tomasetti. However, as discussed above, the Court finds that plaintiff failed to state a claim against these defendants. Because the Court has now dismissed the claims against these defendants, there exists complete diversity between plaintiff and Philadelphia. Accordingly, the Court hereby **DENIES** plaintiff's Motion to Remand (Doc. # 12).

### IV. CONCLUSION

Accordingly, for the reasons stated above, the Court hereby **DENIES AS MOOT** Philadelphia's Motion to Dismiss (Doc. # 3); **GRANTS** Cunningham and Haman's Motion for Judgment on the Pleadings (Doc. # 8); **DENIES** Plaintiff's Motion to Remand (Doc. # 12); **GRANTS** Philadelphia's Motion to Dismiss Counts III and IV of Plaintiff's Amended Complaint (Doc. # 18); **GRANTS** Cunningham and Haman's Motion to Dismiss (Doc. # 23); and **GRANTS** Thorton and Young's Motion to Dismiss (Doc. # 43).

Date: January 26, 2016                    **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                      Fernando J. Gaitan, Jr.
                                           United States District Judge